J-S57012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RODNEY FIELDS | |
| Appellant | No. 2410 EDA 2014 |

Appeal from the Judgment of Sentence July 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008321-2013

BEFORE:  MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 6, 2015**

Appellant, Rodney Fields, appeals from the July 18, 2014 aggregate judgment of sentence of two and one-half to five years' imprisonment, plus two years' probation, imposed after he was found guilty of one count each of attempted robbery and simple assault.[1]  After careful review, we affirm.

The trial court summarized the relevant factual history of this case, as presented at trial, in the following manner.

> Police Officer Richard Butler testified that on April 10, 2013, at about 1:30 AM, he was on patrol with his partner, Officer Burrell, in the vicinity of 130 South 12th Street in Philadelphia.  At that time and place he heard a commotion and a white male, later identified as Justin Shelly, screaming that he was being robbed and crying for help.  Officer Butler observed [Appellant] holding Shelly by the collar of his jacket,

---

[1] 18 Pa.C.S.A. §§ 901(a) and 2701(a), respectively.

with his fist clenched ready to punch. As the officer approached, Shell[y] yelled out "I'm being robbed".

Officer Butler and his partner yelled for [Appellant] to release Shell[y] and then separated the two to investigate. [Appellant] complied with the police command to release Shelly. [Appellant] then stated that he knew Shelly and that Shelly owed him money. The Commonwealth introduced photos of Shelly, showing injuries and a photo of [Appellant]. Officer Butler testified that Shelly had injuries and that the photos accurately reflected the appearance of Shelly and [Appellant] at the time of the incident. The photos of Shelly showed significant injuries to his face. The arrest photo of [Appellant] did not show any injuries.

[Appellant] testified that after he was arrested he gave a statement to a detective. The statement described a dispute over money Shelly owed to [Appellant] connected with a purchase of crack and a denial by [Appellant] that he struck Shelly.

Trial Court Opinion, 12/22/14, at 1-2 (internal citations omitted).

We further summarize the procedural history of this case as follows. On July 3, 2013, the Commonwealth filed an information charging Appellant with the above-mentioned offenses as well as one count of reckless endangering another person (REAP)[2] and attempted theft by unlawful taking. Appellant proceeded to a bench trial on April 25, 2014, at the conclusion of which, the trial court found Appellant guilty of attempted robbery and simple assault, and found Appellant not guilty of attempted theft by unlawful taking and REAP. On July 18, 2014, the trial court imposed a sentence of two and

_____

[2] 18 Pa.C.S.A. § 2705.

one-half to five years' imprisonment for attempted robbery and a consecutive two year probation sentence for simple assault. Appellant did not file a post-sentence motion. On August 11, 2014, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises three issues for our review.

    1.    [Whether] the [trial c]ourt erred by allowing hearsay of the [c]omplainant to be introduced by the Commonwealth[?]

    2.    [Whether] the [trial c]ourt violated Appellant's Sixth Amendment [c]onstitutional [r]ight of [c]onfrontation by allowing the [c]omplainant's hearsay statement to be introduced without the right to cross-examine this witness[?]

    3.    [Whether] the [trial c]ourt erred by failing to give any weight to the statement offered by Appellant explaining why there was a confrontation with the [c]omplainant[?]

Appellant's Brief at 7.[4]

In his first issue, Appellant avers that the trial court erred when it admitted certain alleged hearsay statements of the victim. Appellant's Brief at 13. The Commonwealth counters that the statements were properly

---

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[4] Appellant presents these issues in a different order in the argument section of his brief. Nevertheless, for ease of review, we address them in the order presented in his statement of questions presented.

admitted as excited utterances. Commonwealth's Brief at 10. We begin by noting our well-settled standard of review.

> The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. Furthermore, if in reaching a conclusion the trial court over-rides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

***Commonwealth v. Fischere***, 70 A.3d 1270, 1275 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citations omitted), *appeal denied*, 83 A.3d 167 (Pa. 2013).

"Hearsay means a statement that … the declarant does not make while testifying at the current trial or hearing; and … a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). "Hearsay is not admissible except as provided by [the Pennsylvania Rules of Evidence], by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802.

> This Court has long recognized that to insure a party the guarantees of trustworthiness resulting from a declarant's presence in court, a proponent of hearsay evidence must point to a reliable hearsay exception before such testimony will be admitted. Thus, the burden of production is on the proponent of the hearsay statement to convince the court of its admissibility under one of the exceptions.

*Commonwealth v. Smith*, 681 A.2d 1288, 1290 (Pa. 1996) (internal

quotation marks and citations omitted).

Rule 803 contains numerous exceptions to hearsay, including the one

at issue in this case, pertaining to excited utterances. The relevant part of

the Rule provides as follows.

> **Rule 803. Exceptions to the Rule Against Hearsay--Regardless of Whether the Declarant Is Available as a Witness**
>
> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> …
>
> **(2) Excited Utterance.** A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused.

Pa.R.E. 803(2). Our Supreme Court has observed that "excited utterances …

are normally excepted out of the hearsay rule, because the reliability of such

statements are established by the statement being made contemporaneous

with a provoking event." *Commonwealth v. Murray*, 83 A.3d 137, 157

(Pa. 2013) (citation omitted). In addition to the definition in Rule 803(2),

our Supreme Court has held that the common law definition of an excited

utterance remains viable in Pennsylvania, which the Court has described in

the following terms.

> [A] spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected

and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties …. Thus, it must be shown first, that [the declarant] had witnessed an event sufficiently startling and so close in point of time as to render [his] reflective thought processes inoperable and, second, that [his] declarations were a spontaneous reaction to that startling event.

*Id.* (citation omitted; some brackets in original).

In the case *sub judice*, Appellant objected to Officer Butler's testimony that he heard Shelly cry out for help and state "I'm being robbed." N.T., 4/25/14, at 10, 13. Officer Butler testified that when he first observed Appellant and Shelly, Appellant had grabbed Shelly "by the collar of his jacket with his fist clenched ready to punch him." *Id.* at 11. Officer Butler noticed that Shelly "appeared to be trying to pull away from [Appellant, and] appeared to be extremely frightened." *Id.* at 12.

In our view, Officer Butler's testimony of Shelly's statement was properly admitted as an excited utterance. Shelly made the statement when Appellant had him by the collar and Appellant's fist was raised as if he was about to harm Shelly. *Id.* at 11. The record also contains photographic evidence, admitted without objection, that showed Shelly sustained injuries while Appellant had none. *See, e.g.*, *Murray*, *supra* at 158 (concluding that a victim's statement "they're going to kill me" was an excited utterance

in part because, "[a] threat upon one's life is certainly a startling event[]'"); ***Commonwealth v. Colon***, 102 A.3d 1033, 1038-1039 (Pa. Super. 2014) (concluding that a victim's statement that Colon "struck her" was an excited utterance where the record showed the victim was upset and showed signs of fresh injuries), *appeal denied*, 109 A.3d 678 (Pa. 2015). Based on these considerations, we conclude the trial court did not abuse its discretion in admitting Shelly's statement under the excited utterance exception to the rule against hearsay. ***See Fischere***, ***supra***.

In his next issue, Appellant argues that even if Shelly's statements were admissible under Rule 803(2), the Confrontation Clause barred their admission. Appellant's Brief at 12. The Commonwealth counters that Appellant's Sixth Amendment rights were not violated because Shelly's statements were not testimonial within the meaning of the Confrontation Clause. Commonwealth's Brief at 5.

The Sixth Amendment provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him[.]" U.S. Const. amend. VI. In ***Crawford v. Washington***, 541 U.S. 36 (2004), the Supreme Court declared a dramatic change in Confrontation Clause doctrine.[5] The Court held that "[t]estimonial

---

[5] The Confrontation Clause of the Sixth Amendment is applicable to the States via the Due Process Clause of the Fourteenth Amendment. *(Footnote Continued Next Page)*

statements of witnesses absent from trial [may be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." **Id.** at 59. **Crawford** divests the Confrontation Clause from state hearsay law and evidence rules.[6] **See generally Ohio v. Clark**, 135 S. Ct. 2173, 2180 (2015). Since **Crawford**, the Supreme Court has instructed the lower federal and state courts that statements "are testimonial when … the primary purpose of the [statement] is to establish or prove past events potentially relevant to later criminal prosecution." **Michigan v. Bryant**, 562 U.S. 344, 366 (2011). However, the Supreme Court has held that when the primary purpose of the statement at issue is to assist with an ongoing emergency, the statement is not testimonial. **Id.** at 361; **Davis v. Washington**, 547 U.S. 813, 822 (2006).

We observe that the determination of "[w]hether Appellant was denied [his] right to confront a witness under the confrontation clause of the Sixth Amendment is a question of law for which our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Dyarman**, 33 A.3d

_(Footnote Continued)_ ————————————

**Melendez-Diaz v. Massachusetts**, 557 U.S. 305, 309 (2009) (citation omitted).

[6] Prior to **Crawford**, the controlling case in this area was **Ohio v. Roberts**, 448 U.S. 56 (1980). In **Roberts**, the Court held that the Confrontation Clause permitted the use of hearsay testimony of an unavailable declarant at trial if it fell into a "firmly rooted hearsay exception" or if the statement bore "particularized guarantees of trustworthiness." **Id.** at 66.

104, 106 (Pa. Super. 2011) (citation omitted), *affirmed*, 73 A.3d 565 (Pa. 2013), *cert. denied*, **Dyarman v. Pennsylvania**, 134 S. Ct. 948 (2014).

As noted above, Officer Butler testified that it was Shelly's cries for help that initially alerted him to the incident taking place. N.T., 4/25/14, at 10. Also, Officer Butler's testimony revealed that Shelly stated that he was being robbed while Appellant was grabbing him, and already had his fist clenched as if Shelly was about to be assaulted. **Id.** at 11-13. Shelly also appeared to be "extremely frightened" and was trying to break free of Appellant's grasp. **Id.** at 13. This testimony is in addition to the evidence admitted at trial documenting Shelly's injuries.

The Supreme Court has explained that statements made to assist in an ongoing emergency are not testimonial "because the prospect of fabrication in statements given for the primary purpose of resolving that emergency is presumably significantly diminished." **Bryant**, **supra**. In our view, Shelly's statements were plainly made to assist Officer Butler in an ongoing emergency, *i.e.*, the imminent attack by Appellant had the officers not arrived and intervened. **See, e.g.**, **Davis**, **supra** at 827 (concluding that the victim's statements to a 911 operator were not testimonial as they were made to assist in an ongoing emergency and the victim "was speaking about events *as they were actually happening,* rather than describing past events[]") (internal brackets and quotation marks omitted; emphasis in original); **Commonwealth v. Williams**, 103 A.3d 354, 362 (Pa. Super.

2014) (concluding that statements to 911 operator were not testimonial because the declarant's "demeanor, her repeated pleas for immediate help, and her severe injuries" showed the existence of an ongoing emergency), *appeal denied*, 116 A.3d 605 (Pa. 2015). As a result, we conclude that Appellant's Sixth Amendment rights were not violated. **See Dyarman**, **supra**.

In his last issue, Appellant argues that the trial court's verdict was against the weight of the evidence. Appellant's Brief at 15-16. However, before we may address this claim, we must consider the Commonwealth's argument that Appellant has waived this issue for lack of preservation in the trial court. **See generally** Commonwealth's Brief at 13-14.

Pennsylvania Rule of Criminal Procedure 607 discusses claims pertaining to the weight of the evidence and provides, in relevant part, as follows.

> **Rule 607. Challenges to the Weight of the Evidence**
>
> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;
> >
> > (2) by written motion at any time before sentencing; or
> >
> > (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A); *see also id.* at 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"). Our Supreme Court has explained that preserving a weight of the evidence claim in the trial court is important because the failure to do so "deprive[s the trial] court of an opportunity to exercise discretion on the question of whether to grant a new trial." **Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009) (footnote omitted), *cert. denied*, **Sherwood v. Pennsylvania**, 559 U.S. 1111 (2010).

As noted above, Appellant did not file a post-sentence motion. In addition, we have reviewed the record and Appellant did not raise this issue at any time during sentencing or through any other filing preceding sentencing. Instead, Appellant raised this issue for the first time in his Rule 1925(b) statement. This was not sufficient to preserve this claim for our review. **See Commonwealth v. Thompson**, 93 A.3d 478, 490-491 (Pa. Super. 2014) (concluding weight claim was waived when raised for the first time in Rule 1925(b) statement even though "the trial court reviewed the substance of his weight of the evidence claim in its Rule 1925(a) opinion[]"). As a result, we conclude Appellant's weight of the evidence claim is waived for want of preservation.

Based on the foregoing, we conclude all of Appellant's issues on appeal are either waived or devoid of merit. Accordingly, the trial court's July 18, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2015